Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2337 | **DATE** | 12/1/2003 |
| **CASE TITLE** | LARRY WILLIAMS vs. JOHN MAUL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Petitioner's petition for a writ of habeas corpus is denied. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 25 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 03 DEC -2 AM 7:17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
LARRY WILLIAMS, #2002-0012485,

    Petitioner,

v.

JOHN MAUL, Warden, Cook County
Correctional Center,

    Respondent.

No. 03 C 2337
Judge James B. Zagel

DOCKETED
DEC 0 2 2003

## MEMORANDUM OPINION AND ORDER

Petitioner Larry Williams has filed a Petition for Writ of Habeas Corpus on the ground that his state court prosecution has violated his Sixth Amendment right to a speedy trial. Although it is proper for me to review his petition, his state court prosecution has not violated his right to a speedy trial as of the date on which he filed his petition, April 4, 2003.

Factual Background

Williams was arrested on February 13, 2002 for aggravated criminal sexual assault and criminal sexual assault for an alleged February 7, 2002 attack, and indicted on March 15, 2002 with aggravated criminal sexual assault and two counts of criminal sexual assault.

On March 28, 2002, his attorney, Joel Whitehouse made a demand for trial, and the court granted a continuance until April 4, 2002, on the State's motion.

On April 4, 2002, the court granted a continuance until April 24, 2002, on the State's motion.

On April 24, 2002, Whitehouse withdrew as Williams' attorney, and court-appointed Assistant Public Defender (APD) Brian Healy filed an appearance. The court then granted a by-agreement continuance date of May 20, 2002.

On May 20, 2002, the court granted a by-agreement continuance date of June 20, 2002.

On June 20, 2002, the court granted a by-agreement continuance date of July 18, 2002.

On July 18, 2002, APD Michael Halloran, appearing in place of Healy, appeared in court with Williams and asked for a by-agreement continuance to August 12, 2002. At that time, Williams told the court that he had spoken with Healy several times, and told him that he wanted to go to trial.

On August 12, 2002, Healy asked that the State elect on either Williams' substantive case or his violation of probation matter, so that he could go to trial or a hearing as soon as possible. The State tendered to Healy a DNA report. Healy asked for a by-agreement date of August 27, 2002. Williams said nothing.

On August 27, 2002, the State indicated that it was electing on Williams' substantive case, and Healy asked for a by-agreement date of September 19, 2002. Healy also informed the court that the alleged victim recanted and asked the State to contact her to see if the case was going to go forward. Williams made no comment.

On September 18, 2002, the State represented that it was going ahead with its prosecution of Williams. Healy asked for a by-agreement date of October 15, 2002. Williams attempted to speak up, but was told by the court to talk with his lawyer.

On October 15, 2002, Healy told the court that Williams had filed a complaint with the Illinois Supreme Court Attorney Registration and Disciplinary Commission (ARDC) regarding

2

his representation of Williams, but that the ARDC indicated that it would take no action on the complaint. Healy moved to withdraw from the case, but the motion was denied. Healy then asked for a by-agreement date of November 21, 2002 so that he could interview possible witnesses. Williams was silent.

On November 21, 2002, the court stated that it had reviewed William's *pro se* motion to demand an immediate trial or to dismiss the case on speedy trial grounds. The court denied the motion, stating that Healy had been representing Williams in a competent manner. However, the court gave Williams the option of firing Healy and representing himself. Williams replied that he did not want to represent himself, but did not want the matter to be continued further. In response, Healy stated that he had not yet received all of the discovery pertaining to the DNA analysis, and as a result he could not be rushed to go to trial. The court again asked Williams if he wanted to represent himself, and Williams replied he did not. When Williams requested another attorney, the court told him that he could hire another attorney but that it would not appoint another APD. The court told Williams to contact Healy's supervisor about getting a different lawyer. Healy then asked for a by-agreement date of December 16, 2002.

It is difficult for me deduce what transpired after December 16, 2002 because the record is sparse. It appears that on December 16, 2002, Healy asked for a by-agreement date. Sometime in January 2003, Healy once again asked for a by-agreement date. And Williams claims that on February 24, 2003, the case "moved to trial status," although I am unclear what that means. Finally, Williams filed the instant petition on April 4, 2003.

Analysis

Federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues. *See, e.g., Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980) (recognizing general rule prohibiting pretrial habeas relief as "a logical implication of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 [1975]"). Notwithstanding the general rule against pretrial habeas petitions, such petitions claiming violation of a defendant's right to a speedy trial have been permitted when the requested relief is an immediate trial, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), although where the petitioner seeks dismissal of the charges against him his habeas action must await the conclusion of state proceedings, *see Carden*, 626 F.2d at 84-85. In this case, Williams has requested an immediate trial, and alternatively, dismissal of the charges against him and release from custody. Because the state proceedings here have not concluded, I will only address Williams' request for an immediate trial.

Respondent argues that Williams' petition should be denied because he has not exhausted available state court remedies. 28 U.S.C. § 2254(b); *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, I hold that where a petitioner is complaining about inordinate delay in the state court system, any requirement of exhaustion of state remedies in the ordinary sense should not be imposed. *See Green v. Washington*, 917 F.Supp. 1238, 1269 (N.D. Ill. 1996); *see also Allen v. Duckworth*, 6 F.3d 458, 459 (7th Cir. 1993); *Harris v. Champion*, 938 F.2d 1062, 1068-69 (10th Cir. 1991); *Coe v. Thurman*, 922 F.2d 528, 530-31 (9th Cir. 1990). In such cases, a state law remedy is "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(II). Accordingly, I disregard Respondent's argument on this basis.

4

The Supreme Court has established a four-part balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated. *See Barker v. Wingo*, 407 U.S. 514 (1972). The four factors are the length of the delay, the reasons for the delay, the nature of the defendant's assertion of his right to a speedy trial, and the prejudice caused to the defendant as a result of the delay. *Id.* at 530-33; *see United States v. McConahy*, 505 F.2d 770 (7th Cir.1974).

The first factor, the length of the delay, is the initial area to be addressed. With respect to this factor, because the Sixth Amendment attaches when a "defendant is first indicted, arrested, or otherwise officially accused," the length of the delay in this instance is measured from the time that Williams was arrested on February 13, 2002, to the filing of this petition on April 4, 2003. *United States v. MacDonald*, 456 U.S. 1, 6 (1982). This period covers approximately 13 months and a few weeks. Since a delay of this length is considered "presumptively prejudicial" further inquiry into the speedy trial allegation is necessary. *Barker v. Wingo*, 407 U.S. at 530, *see United States v. Jackson*, 542 F.2d 403, 407 (7th Cir.1976) (12 month delay considered presumptively prejudicial).

The second factor to be considered is the reason for the delay. A delay is considered to have been occasioned by the defendant when the defendant's acts caused or contributed to the delay. *People v. Mayo*, 198 Ill.2d 530, 537, 764 N.E.2d 525 (2002). Furthermore, an agreement to continue the case is properly chargeable to the defendant. *People v. Kliner*, 185 Ill.2d 81, 115, 121, 705 N.E.2d 850 (1998); *see People v. Plair*, 292 Ill.App.3d 396, 398, 400, 686 N.E.2d 28 (1997). During the period beginning February 13, 2002, and ending April 4, 2003, the record evinces 11 continuances by agreement of the parties and 2 continuances granted on motion of the

State. After reviewing individually the circumstances of each delay, I conclude that no more than three months of delay (March 28, 2002 through April 24, 2002; and mid-February 2003 through April 4, 2003) can possibly be attributed to causes independent of the actions of Williams' attorney. Whether he agreed or disagreed with the strategic choices made by Healy, Williams is bound by them because as a general rule, a defendant is bound by the actions of his attorney, unless he clearly and convincingly asserts his right to discharge his attorney. *Mayo*, 198 Ill.2d at 537; *Kliner*, 185 Ill.2d at 118. As the Illinois Supreme Court observed in *People v. Bowman*, 138 Ill.2d 131, 141, 561 N.E.2d 633 (1990): "In criminal proceedings, an attorney is authorized to act for his client and determine for him procedural matters and decisions involving trial strategy and tactics. Thus, the affirmative acts of a defendant's counsel cannot be separated from the defendant's own acts." (citations omitted). In this case, Williams has at all times been represented by counsel, and at the November 21, 2002, status, he clearly indicated his desire to continue to be represented by counsel. Accordingly, I find that Williams caused or contributed to nearly all the pretrial delay at issue.

With respect to the third *Barker* factor, the defendant's assertion of his speedy-trial right, Williams claims that he attempted to assert his right to a speedy trial at several points throughout the prosecution history. While he did so attempt, the Court was not obligated to accommodate his request in the absence of him discharging his attorney. As a general rule, the decision to demand a speedy trial and to seek dismissal of the State's charges on such grounds are matters left to the sound strategic decision of counsel. *See People v. Ramey*, 151 Ill.2d 498, 523-24, 603 N.E.2d 519 (1992). Healy was well within his power as counsel for Williams to request by-agreement continuances in order to adequately prepare for his defense of Williams. Once again,

whether he agreed or disagreed with the strategic choices made by Healy, Williams is bound by them.

Williams claims that it is unconstitutional to compel him to choose, as the Court did, between his right to counsel and his right to a speedy trial. However, a "[d]efendant cannot contend that it was unfair to force him to choose between a speedy trial and effective assistance of counsel. Defendant may have a right, even of constitutional dimensions, to pursue whichever course he chooses, but the Constitution does not forbid requiring him to choose nonetheless." *Bowman*, 138 Ill.2d at 148. In this case, Williams made the choice to be represented by counsel.

The fourth and final consideration in the *Barker* analysis is prejudice to the defendant. Prejudice must be assessed in the light of the interests of defendants which the speedy-trial right was designed to protect. *Barker*, 407 U.S. at 532. Those interests are (1) the prevention of oppressive pretrial incarceration, (2) the minimization of defendant's anxiety and concern about the pending charge, and (3) the limitation of the possibility that the defense will be impaired by the delay. *Id.* The third fact has been recognized as the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system" *Doggett v. United States*, 505 U.S. 647, 654 (1992) (quotation omitted). Here, Williams has not specified how his defense has been impaired or adversely affected by the delay. He claims he has been prejudiced because the alleged victim now refuses to the testify regarding the alleged fabrication of her charges against Williams for fear of being charged with instituting false charges. However, even if true, her refusal to testify has nothing to do whatsoever with the delay in initiating Williams' trial. Upon being called to testify – whenever that may be – she will have to deal with the potential implications of offering testimony contrary to her prior statements in this

matter. In light of the absence of any showing of prejudice as a result of this delay, I am of the opinion that the weight to be accorded the first two components is minimal under the circumstances of the case.

In sum, although the delay between Williams' arrest on February 13, 2002 and the filing of this petition on April 4, 2003, has been lengthy, Williams cannot escape responsibility for causing or contributing to most of the delay. Considering this fact, together with the lack of any showing that the delay has impaired his presentation of a defense, I conclude that his constitutional right to a speedy trial has not been violated.

Accordingly, William's Petition for Writ of Habeas Corpus is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: DEC 0 1 2003